IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM L. DEUERLEIN,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA CPS, DANA D. SEARS, NATALIE G. NELSEN, KIRK KAPPERMAN, ANNE PAINE, DANA DEVRIES GELLERMAN, KEVIN URBOM, BOB ROGERS, and DAELENE ROGERS,<br><br>Defendants. | 8:18CV523<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on November 1, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska Child Protective Services ("CPS"), state and county officials, his attorney, and others involved in the judicial proceedings leading to the termination of Plaintiff's parental rights. Plaintiff alleges he was accused of abuse and his three children were seized from him on July 12, 2008, "when there was no course to do so." (Filing No. 1 at CM/ECF pp. 4, 9.) On December 15, 2009, Plaintiff alleges Defendant Natalie G. Nelsen ("Nelsen"), the guardian ad litem, filed a petition for the termination of Plaintiff's parental rights, and his rights were ultimately terminated on June 21, 2010, by Defendant Judge Anne Paine ("Judge Paine"). (*Id*. at CM/ECF p. 9.)

Plaintiff alleges that on September 15, 2018, he learned that his ex-wife (the mother of his children) and her family were friends with Defendants Bob and Daelene Rogers ("the Rogers"), the foster parents for Plaintiff's children, and that Defendants Dana D. Sears ("Sears"), Nelsen, Judge Paine, and Plaintiff's attorney, Kevin Urbom ("Urbom"), were all somehow personally tied to the Rogers. (*Id*. at CM/ECF pp. 9–10.) Plaintiff alleges the Defendants conspired to remove Plaintiff's children from him and award custody to the Rogers. (*Id*.) For relief, Plaintiff asks the court "to reinstate parental right and custody to my minor children as well as damages allowed to the max." (*Id*. at CM/ECF p. 4.)

Plaintiff attached various documents to his Complaint in support of his allegations including court documents, treatment records, and other records related to the proceedings involving the care and custody of his children. (*See Id*. at CM/ECF pp. 16–76.) Within those documents are two records—a partial copy of the state court order terminating Plaintiff's parental rights and a letter from Urbom to the Nebraska Counsel of Discipline—that bear a CM/ECF header from a prior case filed by Plaintiff in this court. (*Id*. at CM/ECF pp. 55–56, 59–61.) Taking judicial notice of its own files,[1] the court notes that Plaintiff has filed two previous actions challenging the state court proceedings related to the termination of his parental rights. *See Deuerlein v. Nebraska DHHS*, Case No. 4:11CV3065 (D. Neb.) (Filing No. 20, August 17, 2011 Memorandum and Order granting Defendant's motion to dismiss and dismissing action without prejudice pursuant to the *Younger* abstention doctrine); *Deuerlein v. State of Nebraska et al.*, Case No. 8:15CV14 (D. Neb.) (Filing No. 8, April 10, 2015 Memorandum and Order dismissing Plaintiff's 42 U.S.C. § 1983 action with prejudice).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff alleges Defendants conspired to wrongfully deprive him of his children in violation of his Fourteenth Amendment due process rights and 18 U.S.C. § 371. For the reasons discussed below, the court concludes Plaintiff's Complaint must be dismissed.

**A. No Private Right of Action under 18 U.S.C. § 371**

As an initial matter, Plaintiff's reliance on 18 U.S.C. § 371 as a basis for this court's federal question jurisdiction is misplaced. (*See* Filing No. 1 at CM/ECF p.

3

[3](#).) Section 371 makes it a crime for two or more persons to conspire to commit an offense against or to defraud the United States. 18 U.S.C. § 371. There is no private right of action under this section. *Navarro v. Emery*, No. CV 16-5033-JLV, 2017 WL 3738534, at \*5 (D.S.D. Aug. 30, 2017) (citing *Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982)). To the extent Plaintiff purports to assert claims based on 18 U.S.C. § 371, those claims are dismissed.

## B. Issue Preclusion and Jurisdiction

The court finds that Plaintiff's action is precluded because the issue of the court's subject matter jurisdiction over Plaintiff's claims related to the judicial proceedings terminating his parental rights has been finally determined. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The principles of *res judicata* apply to questions of jurisdiction as well as to other issues." *Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) (emphasis in original) (citing *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932)).

As the Eighth Circuit Court of Appeals has explained:

> "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). A party is precluded from litigating such a matter in a subsequent case, "whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citing *Restatement (Second) of Judgments* §§ 17, 27 (1980); D. Shapiro, *Civil Procedure: Preclusion in Civil Actions* 32, 46 (2001)). We have said that issue preclusion has five elements:
>
> > (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the

> original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quoting *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997)).

*Sandy Lake*, 714 F.3d at 1102–03.

The court[2] concluded in Plaintiff's prior action in Case No. 8:15CV14 that it lacked subject matter jurisdiction over his claims challenging the state court's decision to terminate his parental rights and seeking return of his children under the *Rooker-Feldman* doctrine.[3] (Filing No. 8, Case No. 8:15CV14.) The court dismissed Plaintiff's prior action with prejudice and no appeal was filed. Here, the elements for issue preclusion are satisfied as the jurisdictional basis for Plaintiff's claims related to the termination of his parental rights is the same as in Case No. 8:15CV14 and the dismissal of the complaint in Case No. 8:15CV14 constitutes a "valid and final judgment" sufficient to bar Plaintiff from relitigating the issue of subject matter jurisdiction. *See Sandy Lake*, 714 F.3d at 1103–04 ("Although dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction.") Accordingly, the

---

[2] The Honorable John M. Gerrard, Chief United States District Judge for the District of Nebraska.

[3] The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

court will dismiss Plaintiff's present action for lack of subject matter jurisdiction. In the alternative, Plaintiff's claims against the various Defendants are subject to dismissal for other reasons identified below.

**C. Defendants**

*1. State of Nebraska*

The Eleventh Amendment bars private parties from suing a state in federal court. Suits in federal court against state agencies are similarly barred by the Eleventh Amendment when the suit is in reality a suit against the state. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200–01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska or Nebraska CPS.

Plaintiff also sued Dana D. Sears, a Nebraska CPS employee, and Judge Paine, a Nebraska state court judge, alleging they were involved in the termination proceedings. (*See* Filing No. 1 at CM/ECF pp. 9, 14–15.) Because Plaintiff did not specify the capacity in which Sears and Judge Paine are sued, the court presumes that they are sued in their official capacities only. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *see also Tyler v. Kimes*, No. 8:18CV74, 2018 WL 3057873, at *2 (D. Neb. June 20, 2018)

(citing *Tisdell v. Crow Wing Cnty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state)). The Eleventh Amendment does not bar a suit against a state official when the plaintiff seeks prospective injunctive relief to prevent future violations of federal law. *Gibson v. Arkansas Dep't of Corr.*, 265 F.3d 718, 720–21 (8th Cir. 2001).

Here, Plaintiff's only request for non-monetary relief is that this court order the State of Nebraska to return his children to him. Apart from the fact that this court could not order such relief (*see* footnote 2, *supra*), this is not a request for prospective injunctive relief. Accordingly, Plaintiff's claims against Sears and Judge Paine[4] in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (reiterating that damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment).

*2. Natalie Nelsen*

Plaintiff sued the guardian ad litem in the state court proceedings, Natalie Nelsen. Plaintiff alleged Nelsen filed the petition seeking termination of his

---

[4] Even if Plaintiff had sued Judge Paine in her individual capacity, his claims would have been barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Paine presided over the juvenile court proceedings and ultimately terminated his parental rights. (Filing No. 1 at CM/ECF pp. 9, 14.) Plaintiff does not allege that Judge Paine was doing anything other than performing traditional judicial functions in her judicial capacity or that she lacked jurisdiction over the termination proceedings. Thus, the judicial immunity doctrine would bar Plaintiff's claims against Judge Paine.

parental rights despite "proof of no abuse and neglect, no issues of PTSD, [and] no evidence of drug and alcohol addictions" and conspired with the other Defendants to remove Plaintiff's children from him. ([Filing No. 1 at CM/ECF p. 9](#).)

Plaintiff's claims against Nelson must be dismissed because she is entitled to immunity. "It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process' as long as the judicial function was granted immunity under common law at the time § 1983 was enacted." *[Dornheim v. Sholes](#)*, 430 F.3d 919, 925 (8th Cir. 2005). A guardian ad litem's absolute immunity extends to her duties of preparing reports and making recommendations to family court. *[McCuen v. Polk Cnty., Iowa](#)*, 893 F.2d 172, 174 (8th Cir. 1990).

*3. Kirk Kapperman*

Plaintiff sued Furnas County Sheriff Kirk Kapperman ("Kapperman") in his official capacity alleging he "[t]ried to intimidate and threaten [Plaintiff] to admit to harming [his] son." ([Filing No. 1 at CM/ECF p. 14](#).) *See [Alexander v. Hedback](#)*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *[Johnson](#)*, 172 F.3d at 535).

Liberally construed, Plaintiff's claim against Kapperman is a claim against Furnas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, *supra*. A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *[Doe By and Through Doe v. Washington County](#)*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *[Monell v. Department of Soc. Servs.](#)*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged any policy or custom caused his

8

injuries and, therefore, Plaintiff has failed to allege a plausible claim for relief against Kapperman in his official capacity.

*4. Kevin Urbom*

Plaintiff sued the attorney who represented him in the state court proceedings, Kevin Urbom, alleging he conspired with the other Defendants and failed to timely file an appellate brief in order to deprive Plaintiff of his children. ([Filing No. 1 at CM/ECF pp. 9–10](), [15]().) In order to succeed on a [§ 1983]() claim, a plaintiff must demonstrate that the defendants acted under color of state law. [42 U.S.C. § 1983](); *[West v. Atkins]()*, 487 U.S. 42, 49–50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See [DuBose v. Kelly](), 187 F.3d 999, 1003 (8th Cir. 1999)*. However, a [§ 1983]() claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *[Id.]()*

Here, Plaintiff does not set forth allegations suggesting Urbom is a state actor and Plaintiff's bare, conclusory allegations that Urbom conspired with the other Defendants to deprive Plaintiff of his children are insufficient to state a plausible conspiracy claim.

*5. Bob and Daelene Rogers*

Finally, Plaintiff sued Bob and Daelene Rogers, the foster parents of his children. For purposes of this initial review, the court will assume Plaintiff has sufficiently alleged that the Rogers are state actors simply by virtue of their status as foster parents. *See [Anderson v. Nebraska](), No. 4:17-CV-3073, 2018 WL 3009115, at \*8 n.9 (D. Neb. June 15, 2018)* ("[N]othing precludes foster parents from being state actors in any given case—it simply depends on the facts of the case."). However, the court finds Plaintiff has failed to allege sufficient facts to state a plausible due process claim against the Rogers.

9

"The Due Process Clause provides that no State shall . . . deprive any person of life, liberty, or property, without due process of law. . . . Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405–06 (8th Cir. 2012). "Parents have a recognized liberty interest in the care, custody, and management of their children." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). However, "[t]hat liberty interest 'is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves.'" *Id.* (quoting *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987)).

Here, Plaintiff alleges only that the Rogers were appointed by the court to serve as the children's foster parents and that the other Defendants and Plaintiff's ex-wife's family conspired together to give the Rogers custody of the children. (Filing No. 1 at CM/ECF pp. 9, 14.) The court finds Plaintiff's allegations are entirely conclusory and lack factual support sufficient to state a due process claim against the Rogers. Even when liberally construed, Plaintiff's claims are simply too vague and conclusory to state a claim for relief. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV. CONCLUSION

In summary, the court concludes Plaintiff's action is precluded by the prior determination in Case No. 8:15CV14 that the court lacks subject matter jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. In the alternative, Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief may be granted and seeks relief from Defendants who are immune from such relief.

IT IS THEREFORE ORDERED that:

1.  The Complaint ([filing no. 1](#)) is dismissed with prejudice to reassertion in this court.

2.  Plaintiff's pending motions for the appointment of counsel ([filing no. 6](#)) and for a status hearing ([filing no. 7](#)) are denied as moot.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 6th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge