IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM L. DEUERLEIN,<br><br>                 Plaintiff,<br><br>     vs.<br><br>NEBRASKA CPS, DANA D. SEARS,<br>NATALIE G. NELSEN, KIRK<br>KAPPERMAN, ANNE PAINE, DANA<br>DEVRIES GELLERMAN, KEVIN<br>URBOM, BOB ROGERS, and<br>DAELENE ROGERS,<br><br>                 Defendants. | **8:18CV523**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing No. 10.) Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff's motion was timely filed on June 13, 2019.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Plaintiff asks the court to reconsider its Memorandum and Order and Judgment (filing nos. 8 & 9) entered on June 6, 2019, dismissing Plaintiff's Complaint (filing no. 1) with prejudice because "the Court errored [sic] on the issues of the legality of the defendants' actions and how this case commenced in the first place." (Filing No. 10 at CM/ECF p. 1 (punctuation & capitalization corrected).) Plaintiff essentially asks the court to reexamine the facts underlying the initiation of the Nebraska state juvenile court proceedings which he challenges in his Complaint and conclude there was no evidence of abuse and that Defendants acted contrary to their authority. However, as the court explained in its June 6, 2019 Memorandum and Order, the court does not have subject matter jurisdiction to review and reject the state court's decision to remove Plaintiff's children from his custody and ultimately terminate his parental rights under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and the prior determination to that effect in Case No. 8:15CV14 precludes Plaintiff from

relitigating the question of the court's subject matter jurisdiction. (Filing No. 8 at CM/ECF pp. 4–5.)

Upon consideration of Plaintiff's motion, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (filing no. 10) is denied.

Dated this 11th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge